## BRAY v. FLICKINGER *et al.*

1.  **Evidence**: WRITING: GENUINENESS CHALLENGED: CONTENTS. Where defendant relied upon a written instrument purporting to be made by plaintiff, but the genuineness of which plaintiff questioned, evidence of the contents of the instrument was properly excluded in the absence of any attempt or offer to prove its genuineness.

2.  **Chattel Mortgage**: MORTGAGOR'S OWNERSHIP: EVIDENCE. Where S. mortgaged goods which he had in his possession under a contract giving him the right to purchase them from plaintiff at a certain price, but it was not shown that he ever exercised that right, and plaintiff testified that he still owned the goods, *held* that the evidence did not establish the right of the mortgagee as against the plaintiff.

3. ——— : ———: EVIDENCE OF MORTGAGEE'S BELIEF. Defendant having been permitted to testify that he believed his mortgagor owned the mortgaged chattels, it was immaterial what his reasons for so thinking were.

4. Evidence: RECOMMENDATION TO CREDIT: WHEN IMMATERIAL. It was immaterial what if any recommendation plaintiff gave of one of whom defendant took a chattel mortgage, in the absence of any offer to show that defendant know of or relied on such recommendation.

5. Contract: RIGHT TO TERMINATE: SALE OF GOODS AND DIVISION OF PROFITS. Where plaintiff placed goods in the hands of another to be sold, the latter to have all the profits up to a certain sum per month, and the residue of profits to be divided equally, "to such time as the party of the first part [plaintiff] may choose," held that plaintiff had the right to terminate the contract at any time.

*Appeal from Pottawattamie District Court.*—Hon. C. F. LOOFBOUROW, Judge.

FILED, FEBRUARY 4, 1890.

ACTION of replevin. There was a judgment on a verdict for plaintiff. Defendant appeals. This cause has before been in this court. See 69 Iowa, 167.

*Flickinger Bros.*, for appellants.

*Smith, Carson & Harl*, for appellee.

BECK, J.—I. The plaintiff claims the ownership of the goods in controversy. The defendant claims the possession of the property under a mortgage executed by one Skiles, who was in possession of the goods, and alleged to be the owner thereof, at the time the mortgage was executed. The plaintiff in a reply alleges that defendant, at the time the mortgage under which he claims was executed, had actual personal knowledge of plaintiff's ownership of the goods.

II. The defendant testified that, before the mortgage under which he claims was executed, Skiles stated that he owned the goods, and exhibited to defendant a bill of sale thereof, purporting to be executed by plaintiff. It appears from the evidence that there was a question

1. EVIDENCE: writing: genuineness challenged: contents.

about the genuineness of this instrument. Defendant testifies that he thought it genuine, and assigns the reasons upon which this opinion was based. He does not testify or claim, in his pleadings or otherwise, that the bill of sale was genuine. There is not one word in the abstract tending to show that fact, or that it was claimed by defendant. Surely, the court rightly excluded the offered evidence of the contents of the instrument, where its genuineness was questioned, and no offer was made to prove it genuine and valid. It would be vain to establish the contents of an instrument when the party offering the evidence made no claim of readiness and ability to establish its genuineness. The facts that defendant at the time he accepted the mortgage, was shown the bill of sale, and believed it genuine, he was permitted to prove. In the absence of evidence of the genuineness of the bill of sale, he was entitled to no benefits growing out of its contents. The court, therefore, rightly excluded evidence of its contents.

III. The evidence tended to show that Skiles, when the mortgage was executed, was in possession of the goods under a contract giving him the right of purchasing the goods at prices indicated. But there was no evidence that he ever exercised the option given him to buy the goods, and plaintiff testifies that he remained the owner. Upon this testimony the court rightly overruled a motion of defendant that the jury be required to return a verdict for defendant.

**2. CHATTEL mortgage: mortgagor's ownership: evidence.**

IV. The defendant offered to prove that Skiles had paid a claim upon which defendant had brought an action by attachment. This fact defendant claims was a reason inducing him to think Skiles owned the property. He was permitted to show that he did so think. It was not either necessary or competent to go into an investigation as to his reasons for his thoughts and belief. The evidence offered was therefore rightly rejected.

**3. ——: ——: evidence of mortgagee's belief.**

V. Plaintiff was asked, on his examination for defendant, what recommendation or certificate of character he, or another with his knowledge **4. EVIDENCE: recommendation to credit: when immaterial.** and consent, had given Skiles. An objection to the question was rightly sustained, for the reason, if no other existed, that defendant did not show, or propose to show, that he knew of or acted upon this recommendation.

VI. The contract under which Skiles held the goods provides, among other things, that he shall sell **5. CONTRACT: right to terminate: sale of goods and division of profits.** them; that expenses shall be paid; and then it proceeds with this language: "Then Robert J. Skiles to have all that the business makes above expenses, up to forty dollars each month, provided the business makes so much, and all above the expenses and the forty dollars each month, if any, should be equally divided,—T. N. Bray one-half, Robert J. Skiles the remaining half, and so on, to such time as the party of the first part [Bray] may choose." The court, in an instruction which is complained of by defendant, directed the jury that plaintiff had the right to terminate the contract at any time. The instruction is apparently correct, being in accord with the plain language of the contract. These considerations dispose of all questions in the case. The judgment of the district court is          AFFIRMED.